**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WA PING KWAN, derivatively on behalf of ARRAY TECHNOLOGIES, INC. f/k/a ATI INTERMEDIATE HOLDINGS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JIM FUSARO, NIPUL PATEL, TROY ALSTEAD, ORLANDO D. ASHFORD, FRANK CANNOVA, RON P. CORIO, BRAD FORTH, PETER JONNA, JASON LEE, ATI INVESTMENT PARENT, LLC, OAKTREE ATI INVESTORS, L.P., OAKTREE POWER OPPORTUNITIES FUND IV, L.P., OAKTREE POWER OPPORTUNITIES FUND IV (PARALLEL), L.P., OAKTREE CAPITAL GROUP HOLDINGS, L.P., OAKTREE CAPITAL MANAGEMENT, L.P.,<br><br>Defendants<br><br>and<br><br>ARRAY TECHNOLOGIES, INC.,<br><br>Nominal Defendant. | Civil Action No. 1:21-cv-06127-VM<br>(Consolidated with 1:21-cv-06509-VM) |
| KYO HO HAN, derivatively on behalf of ARRAY TECHNOLOGIES, INC. f/k/a ATI INTERMEDIATE HOLDINGS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JIM FUSARO, NIPUL PATEL, TROY ALSTEAD, ORLANDO D. ASHFORD, FRANK CANNOVA, RON P. CORIO, BRAD FORTH, PETER JONNA, JASON LEE, ATI INVESTMENT PARENT, LLC, OAKTREE ATI INVESTORS, L.P., OAKTREE POWER OPPORTUNITIES FUND IV, L.P., | Civil Action No. 1:21-cv-06509-VM<br>(Consolidated with 1:21-cv-06127-VM) |

| |
|---|
| OAKTREE POWER OPPORTUNITIES FUND IV (PARALLEL), L.P., OAKTREE CAPITAL GROUP HOLDINGS, L.P., OAKTREE CAPITAL MANAGEMENT, L.P., |
| Defendants |
| and |
| ARRAY TECHNOLOGIES, INC., |
| Nominal Defendant. |

**JOINT STIPULATION AND ORDER ESTABLISHING A LEADERSHIP STRUCTURE AND STAYING CONSOLIDATED DERIVATIVE ACTION**

Derivative Plaintiffs Wa Ping Kwan ("Kwan") and Kyu Ho Han ("Ho Han," and together with Kwan, "Plaintiffs"), Nominal Defendant Array Technologies, Inc., f/k/a ATI Intermediate Holdings, LLC ("Array"), Defendants ATI Investment Parent, LLC, Jim Fusaro, Nipul Patel, Troy Alstead, Orlando D. Ashford, Frank Cannova, Ron P. Corio, Brad Forth, Peter Jonna, Jason Lee, Oaktree ATI Investors, L.P., Oaktree Power Opportunities Fund IV, L.P., Oaktree Power Opportunities Fund IV (Parallel), L.P., Oaktree Capital Group Holdings, L.P., and Oaktree Capital Management, L.P. (the "Defendants") stipulate and move for the appointment of The Brown Law Firm, P.C. and The Rosen Law Firm, P.A. as Co-Lead Counsel representing Plaintiffs in the above-captioned consolidated derivative action and entry of a stay in the above-captioned consolidated derivative action as set forth below:

WHEREAS, a consolidated putative shareholder class action alleging that Array, all of the Defendants in the above-captioned consolidated derivative action (except for Oaktree Capital Group Holdings, L.P. and Oaktree Capital Management, L.P.), and certain underwriters, violated the federal securities laws is currently pending before the Court, captioned *Plymouth County*

*Retirement Association v. Array Technologies, Inc., et al.*, Case No. 1:21-cv-04390-VM (the "*Plymouth County* Securities Class Action");

WHEREAS, on July 16, 2021, Plaintiff Kwan, derivatively on behalf of Array, filed a shareholder derivative complaint (the "*Kwan* Complaint") in the above-captioned action, No. 1:21-cv-06127-VM (the "*Kwan* Derivative Action") alleging: (i) Violations of Section 14 of the Securities Exchange Act of 1934 (the "Exchange Act"); (ii) Breach of Fiduciary Duty; (iii) Unjust Enrichment; (iv) Abuse of Control; (v) Gross Mismanagement; (vi) Corporate Waste; (vii) Aiding and Abetting Breach of Fiduciary Duty; and (viii) Contribution Under Sections 10(b) and 21D of the Exchange Act against the Defendants;

WHEREAS, the *Kwan* Complaint was served on Nominal Defendant Array and Defendants ATI Investment Parent, LLC, Oaktree ATI Investors, L.P., Oaktree Power Opportunities Fund IV, L.P., Oaktree Power Opportunities Fund IV (Parallel), L.P., Oaktree Capital Group Holdings, L.P., and Oaktree Capital Management, L.P. on or about July 20, 2021;

WHEREAS, on July 30, 2021, Plaintiff Ho Han, derivatively on behalf of Array, filed a shareholder derivative complaint (the "*Ho Han* Complaint," and, together with the *Kwan* Complaint, the "Complaints") in the above-captioned action, No. 1:21-cv-06509-VM (the "*Ho Han* Derivative Action" and, together with the *Kwan* Derivative Action, the "Derivative Actions"), alleging (i) Violations of Section 14 of the Exchange Act; (ii) Breach of Fiduciary Duty; and (iii) Aiding and Abetting Breach of Fiduciary Duty against the Defendants;

WHEREAS, the *Ho Han* Complaint was served on Nominal Defendant Array on or about August 3, 2021;

WHEREAS, on August 10, 2021, the Court granted one prior extension of the deadline for the *Kwan* Derivative Action Defendants who were served to respond to the *Kwan* Complaint, in order to, among other things, facilitate the negotiation of the instant joint stipulation;

WHEREAS, on August 17, 2021, due to substantial similarities between the *Kwan* and *Ho Han* Derivative Actions, the Court consolidated the Derivative Actions for all purposes, including pre-trial proceedings and any trial, into a single consolidated derivative action under Lead Case No. 21-cv-06127 (the "Consolidated Derivative Action"), and closed the *Ho Han* Derivative Action;

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Derivative Actions into the Consolidated Derivative Action, the Plaintiffs agree that The Brown Law Firm, P.C. and The Rosen Law Firm, P.A., the respective resumes of which are attached hereto as Exhibits A and B, shall be designated as Co-Lead Counsel representing Plaintiffs in the Consolidated Derivative Action;[1]

WHEREAS, the defendants in the *Plymouth County* Securities Class Action intend to file a motion to dismiss in that action on a schedule to be determined and agreed to by the parties to that action and approved by the Court;

WHEREAS, given that the Plaintiffs' claims in the Derivative Actions are related to the alleged violations of the federal securities laws claimed in the *Plymouth County* Securities Class Action, Plaintiffs and the Defendants have agreed, in the interest of judicial economy, to stay the Consolidated Derivative Action pending resolution of the anticipated motions to dismiss in the *Plymouth County* Securities Class Action;

---

[1] Defendants take no position on the appointment of Plaintiffs' Co-Lead Counsel. *See* ¶ 4, *infra*.

WHEREAS, the parties agree that a stay of the Consolidated Derivative Action pending resolution of the motions to dismiss the Securities Class Action is appropriate because it will avoid inefficiencies and duplicative efforts and will better preserve the resources of the Court and the parties; and

WHEREAS, the parties agree that their stipulation to the stay contemplated herein is solely for the purposes of efficiency and preservation of resources, and shall not be argued or construed otherwise by either party.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, by their undersigned counsel, subject to approval of the Court, as follows:

**Appointment of Co-Lead Counsel in the Consolidated Derivative Action**

1. Co-Lead Counsel for Plaintiffs for the conduct of the Consolidated Derivative Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
Saadia Hashmi
767 Third Avenue, Suite 2501
New York, New York 10017
Tel: (516) 922-5427
Fax: (516) 344-6204
Email: tbrown@thebrownlawfirm.net
shashmi@thebrownlawfirm.net

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

2. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work

assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

3. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

4. Defendants take no position on the Co-Lead Counsel designation or Co-Lead Counsel's respective duties or responsibilities, as set forth above. However, Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs and their counsel.

5. This Order shall apply to each derivative case arising out of the same, or substantially the same, transactions or events as the Consolidated Derivative Action, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. If the parties become aware of such derivative case that belongs as part of the Consolidated Derivative Action, Lead Case No. 1:21-cv-06127-VM, hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred here from another court, the parties will bring such derivative case to the attention of the Clerk of the Court so that it might properly be consolidated as part of the Consolidated Derivative Action, Lead Case No. 1:21-cv-06127-VM. The parties agree to provide counsel in any subsequent action a copy of this order.

**Stay of Proceedings in Consolidated Derivative Action Pending Resolution of
Motion to Dismiss in *Plymouth County* Securities Class Action**

6. All Defendants are deemed to have accepted service of the Complaints filed in the Consolidated Derivative Action; provided, however, that such acceptance shall not constitute a waiver of any defense to the claims in the Consolidated Derivative Action other than defenses based upon deficient service of process.

7. The proceedings in the Consolidated Derivative Action shall be temporarily stayed pending the entry of an order on all motions to dismiss directed at the pleadings filed in the *Plymouth County* Securities Class Action. The stay shall remain in effect until the later of (a) the entry of an order on the pending motions to dismiss the *Plymouth County* Securities Class Action or, (b) to the extent the complaint in the *Plymouth County* Securities Class Action is amended, the entry of an order on any motions to dismiss any such amended complaints in the *Plymouth County* Securities Class Action.

8. Defendants are not required to respond to the Complaints in the Consolidated Derivative Action during the pendency of the stay.

9. During the pendency of the stay, Defendants shall promptly notify Plaintiffs of any related derivative actions or threatened derivative actions (including Section 220 books and records demands or litigation demands by prospective derivative plaintiffs).

10. During the pendency of the stay, Defendants shall promptly notify Plaintiffs if a related derivative action is not stayed for a similar or longer duration. Plaintiffs and Defendants each have the option to terminate the stay if a related derivative action is not stayed for a similar or longer duration by giving 30 days notice to opposing counsel via email.

11. The Complaints in the Derivative Actions may be amended while the stay is pending, but Defendants shall not be required to respond to any amended complaint during the pendency of the stay.

12. Defendants will not object to the inclusion of Plaintiffs in any mediation or in any formal settlement negotiations with the plaintiffs in the *Plymouth County* Securities Class Action. Defendants agree to engage in parallel mediation or formal settlement negotiations with Plaintiffs if they are not included in any mediation or formal settlement negotiations with the plaintiffs in

the *Plymouth County* Securities Class Action. Defendants will not object to the inclusion of Plaintiffs in any mediation or in any formal settlement negotiations with any purported plaintiffs in any related derivative lawsuits or purported shareholders with threatened related derivative lawsuits. Defendants agree to engage in parallel mediation or formal settlement negotiations with Plaintiffs if they are not included in any mediation or formal settlement negotiations with any purported plaintiffs in any related derivative lawsuits or purported shareholders with threatened related derivative lawsuits.

13. Subject to a confidentiality agreement or protective order, Defendants shall promptly produce to Plaintiffs any documents produced in any related derivative lawsuits or threatened related derivative lawsuits (including Section 220 books and records demands and threatened Section 220 demands for books and records) provided Plaintiffs make a reasonable showing of standing to obtain books and records under applicable law.

14. The parties shall meet and confer and submit a proposed scheduling order within 30 days of the date that the stay is lifted.

15. After the stay is lifted, Defendants will not move to stay the Consolidated Derivative Action in deference to any other derivative action.

16. Plaintiffs' and Defendants' agreement to this stipulation shall not prejudice in any respect their right to seek or oppose a further stay of the Consolidated Derivative Action or to move for or oppose a dismissal on any ground (including, but not limited to, jurisdictional grounds and the ground of *forum non conveniens*) or stay in favor of other pending lawsuits other than as described in Paragraph 15 above, a transfer of venue, or any other relief. Plaintiffs shall not assert that any delay by Defendants in pursuing a further stay or seeking transfer on account of this

stipulation constitutes a basis for denying such relief upon the expiration of the stay contemplated herein.

**IT IS SO STIPULATED.**

Respectfully submitted, Dated: August 19, 2021

*/s/ Timothy Brown*
Timothy Brown
Saadia Hashmi
**THE BROWN LAW FIRM, P.C.**
767 Third Avenue, Suite 2501
New York, New York 10017
Tel.: (516) 922-5427
Fax: (516) 344-6204
tbrown@thebrownlawfirm.net
shashmi@thebrownlawfirm.net

*On behalf of Plaintiff Wa Ping Kwan*

*/s/ Phillip Kim*
Phillip Kim
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel.: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com

*On behalf of Plaintiff Kyu Ho Han*

*/s/ Lisa H. Bebchick*
Peter L. Welsh
Lisa H. Bebchick
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036
Tel.: (212) 596-9000
Fax: (212) 596-9090
peter.welsh@ropesgray.com
lisa.bebchick@ropesgray.com

*On behalf of Nominal Defendant Array Technologies, f/k/a Array Intermediate Holdings, LLC*

*/s/ Stefan Atkinson*
Stefan Atkinson
Amal El Bakhar
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Tel.: (212) 446-4800
Fax: (212) 446-4900
stefan.atkinson@kirkland.com
amal.elbakhar@kirkland.com

*On behalf of Defendants Frank Cannova, Peter Jonna, Jason Lee, ATI Investment Parent, LLC, Oaktree ATI Investors, L.P., Oaktree Power Opportunities Fund IV, L.P., Oaktree Power Opportunities Fund IV (Parallel), L.P., Oaktree Capital Group Holdings, L.P., and Oaktree Capital Management, L.P*

*(Signatures continue on following page.)*

*/s/ Robert A. Sacks*
Robert A. Sacks
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Tel.: (212) 558-4000
Fax: (212) 558-3588
sacksr@sullcrom.com

*On behalf of Defendants Jim Fusaro, Nipul Patel, Troy Alstead, Orlando D. Ashford, Ron P. Corio, and Brad Forth*

**IT IS SO ORDERED.**

Victor Marrero
U.S.D.J.

Dated: August 24, 2021